IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:12-CR-00199-JEC-JFK |
| BRIAN BELL (2),<br>TOBIAS GOINES (3), | |
| Defendant. | |

# **REPORT AND RECOMMENDATION**

Pending before the court is Defendant Tobias Goines' motion [Doc. 42] for severance of Count One, in which he is named, from the remaining counts, Two through Five, of the indictment.[1] Defendant does not identify whether he is seeking severance pursuant to Rule 8 or Rule 14 or both. [Id.]. He, however, contends that the conduct charged in the various counts in the indictment "are not alleged to be a part of one continuing or ongoing activity, nor is their relationship defined or identified[,]" which is an argument brought in order to seek a finding of Rule 8 misjoinder. [Id., ¶

---

[1]As the Government notes in the response to the motion for severance, the charges in the indictment against Defendant Ron Thrasher have been dismissed. [Doc. 16; Doc. 53 at 3]. And Defendant Brian Bell reported that he had no pretrial motions and that the case could be certified ready for trial.

4]. Defendant also argues that the "allegations within the Indictment are prejudicially joined and severance is required, and further shows that severance of counts is necessary to insure a fair trial[,]" which is an argument for a Rule 14 severance. [Id., ¶ 5]. The Government, while mistakenly only labeling the response to the severance motion as though under Rule 8 [Doc. 53 at 3], opposes the motion making arguments under both Rule 8 and Rule 14 [id. at 4-9]. Accordingly, the court will determine whether initial joinder is appropriate under Rule 8, and if so, whether Defendant has established undue prejudice requiring severance under Rule 14.

**I.      Background**

On June 20, 2012, a federal grand jury returned a five count indictment arising out of a joint investigation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and the City of Atlanta Police Department ("APD") which targeted convicted felons and gang members who were trafficking in guns and drugs. [Doc. 1; Doc. 53 at 2]. As a part of the investigation, ATF and APD established a storefront operation, Metro Mobile Safes, on October 1, 2011, for undercover agents to purchase guns and drugs. [Doc. 53 at 2].

In Count One of the aforementioned indictment, Defendant Goines and then co-Defendant Ron Thrasher (thought to be "Trey" referenced *infra*) were charged with,

2

on November 29, 2011, knowingly receiving and possessing two silencers, not registered to either Defendant, in violation of 26 U.S.C. §§ 5841, 5845(a)(7), 5861(d) and 5871. [Doc. 1]. In Count Two, co-Defendant Bell was charged with, on February 7, 2012, receiving a firearm or firearms while under indictment for crimes constituting felonies, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). And, in Count Three, Defendant Bell was charged with, on the same date, being in possession of a firearm from which the manufacturer's serial number had been removed, obliterated or altered, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). In Counts Four and Five, co-Defendant Thrasher was charged with, on February 7 and March 22, 2012, being a convicted felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [Id.].

The Government further outlined the facts underlying the charges in the indictment in the response to the motion for severance. On November 29, 2011, Defendant Goines met an undercover agent at the storefront for the purpose of selling two silencers belonging to his cousin "Trey." In order to negotiate the sale of the silencers, Defendant Goines called "Trey," who then negotiated the sale of the silencers with the undercover agent. [Doc. 53 at 2]. This transaction, charged in Count One, was "Trey's" introduction to the storefront. On January 5, 2012, "Trey" visited

the storefront and advised the undercover agent that the silencers sold on November 29 were his and that "he wanted to cut Goines out and begin dealing" directly with the undercover agent. [Id. at 6-7].

On February 7, 2012, "Trey" returned to the storefront with Defendant Bell, and they sold the firearms to the undercover officer which are the subject of Counts Two, Three and Four. And, on March 22, 2012, "Trey" traveled to the storefront alone and sold the undercover agent the two firearms identified in Count Five. [Id. at 3, 6-7]. The Government concludes in summarizing the evidence to be presented at trial: "[A]ll three of these defendants engaged in a 'series of acts and transactions' involving the unlawful possession and transfer of firearms to the undercover agent at the storefront. Defendant Goines participated jointly in a transaction with 'Trey' at the storefront, which resulted in 'Trey' returning to the storefront to engage in another transaction with Defendant Bell, and later, in a transaction involving only 'Trey' and the undercover officer." [Id. at 7].

Additional facts will be set forth as necessary during discussion of Defendant Goines' motion for severance.

4

## II. Discussion

As noted, Defendant Goines did not identify Rule 8 much less the subsection of that Rule under which he was seeking a severance. However, he references the counts in the indictment, particularly Counts Two through Five, as being unrelated to Count One in his motion, which would indicate he is seeking a Rule 8(a) severance of counts. [Doc. 42]. To the extent Defendant is relying on Rule 8(a), that reliance is misplaced because he is charged in the indictment along with a number of co-Defendants. See United States v. Kopituk, 690 F.2d 1289, 1312 (11th Cir. 1982) ("It is well established that Rule 8(a) applies only in cases involving a single defendant charged with multiple offenses, whereas Rule 8(b) governs in cases involving multiple defendants."); United States v. Damiani, 2011 WL 7574628, at *17 (N.D. Ga. September 23, 2011), adopted at 2012 WL 983726 (N.D. Ga. March 20, 2012) ("Rule 8(b), as opposed to Rule 8(a), governs the joinder of multiple defendants in a single indictment."); and see United States v. Irizarry, 341 F.3d 273, 287 (3rd Cir. 2003) ("most courts have held that Rule 8(b) applies exclusively to issues of joinder of multiple defendants and that Rule 8(a) applies only in cases involving a single defendant charged with multiple offenses"). The court will, therefore, evaluate Defendant's claim of misjoinder under Rule 8(b).

AO 72A
(Rev.8/82)

"Federal Rule of Criminal Procedure 8(b) is a pleading rule." United States v. Scrushy, 237 F.R.D. 464, 468 (M.D. Ala. 2006). "Under Rule 8(b) . . ., '[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.'" United States v. Talley, 108 F.3d 277, 279 (11th Cir. 1997) (quoting Fed. R. Crim. P. 8(b) (pre-amendment);[2] accord United States v. Paul, 194 Fed. Appx. 792, 796 (11th Cir. 2006) (same). "In order to meet the same series of acts or transaction requirement of Rule 8(b)[,] the government must demonstrate that the acts alleged are united by substantial identity of facts and/or participants[;] . . . [however, e]ach participant need not participate in all acts or even know the other participants' roles in the ventures." United States v. Holloway, 971 F.2d 675, 679 (11th Cir. 1992) (citations and internal quotation marks omitted); see also

---

[2]The 2002 amendment to Rule 8(b) was not substantive. The provision currently provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

6

United States v. Aiken, 76 F. Supp. 2d 1346, 1351 (S.D. Fla. 1999) ("Joinder of multiple defendants is proper whenever there is a common thread between the actions charged against them.") (citation and internal quotation marks omitted).

The government may demonstrate that joinder of defendants is proper by either relying on the indictment and/or by making a proffer of evidence that satisfies Rule 8(b). See United States v. Dominguez, 226 F.3d 1235, 1241 (11th Cir. 2000) ("If the indictment fails to show and the prosecutor fails to proffer a sufficient basis in the expected evidence to justify joinder, then a severance should be ordered.");[3] accord Paul, 194 Fed. Appx. at 796-97 (same). Finally, in evaluating whether joinder of defendants is proper, "Rule 8 is construed broadly in favor of the initial joinder." Paul, 194 Fed. Appx. at 796; accord Dominguez, 226 F.3d at 1238 (same); United States v. Bryan, 843 F.2d 1339, 1342 (11th Cir. 1988) (same).

---

[3] In Dominguez, the Eleventh Circuit Court of Appeals noted that, although prior cases had stated that reference should be made to the "indictment only" when deciding whether Rule 8 joinder was proper, those cases involved attempts on appeal to evaluate the evidence actually admitted at trial to invalidate a determination, previously made based on the four corners of the indictment, that Rule 8 joinder was proper. Id. at 1240-41. The "indictment only" rule is applicable to prevent after-the-fact evaluation of joinder but the rule "is not applicable to situations when the evidence proffered by the government before trial or adduced during trial shows that initial joinder was *proper* even though the indictment may not have explicitly stated the connection between the charges." Id. at 1241 (emphasis in original).

7

Although the allegations in the indictment do not demonstrate that Defendants "'participated in the same act or transaction or in the same series of acts or transactions constituting'" the five offenses charged in the indictment, Talley, 108 F.3d at 279 (citation omitted), the Government supplemented those allegations with a representation of the evidence to be introduced at trial. According to the Government, that evidence will show that on November 29, 2011, Defendant Goines met an undercover agent at the storefront for the purpose of selling two silencers belonging to his cousin "Trey." In order to negotiate the sale of the silencers, Defendant Goines called "Trey," who then negotiated the sale of the silencers with the undercover agent. [Doc. 53 at 2]. This transaction, charged in Count One, was "Trey's" introduction to the storefront. On January 5, 2012, "Trey" visited the storefront and advised the undercover agent that the silencers sold on November 29 were his and that "he wanted to cut Goines out and begin dealing" directly with the undercover agent. [Id. at 6-7]. On February 7, 2012, "Trey" returned to the storefront with Defendant Bell, and they sold the firearms to the undercover agent which are the subject of Counts Two, Three and Four. And, on March 22, 2012, "Trey" traveled to the storefront alone and sold the undercover agent the two firearms identified in Count Five. [Id. at 3, 6-7]. In summary, Defendant Goines "participated jointly in a transaction with 'Trey' at the

8

storefront, which resulted in 'Trey' returning to the storefront to engage in another transaction with Defendant Bell, and later, in a transaction involving only 'Trey' and the undercover officer." [Id. at 7].

Based on these representations, the court finds that the Government has sufficiently established that the alleged unlawful conduct is part of "'the same series of acts or transactions[,]'" Talley, 108 F.3d at 279 (citation omitted), and that "there is a common thread between the actions" alleged in the indictment, Aiken, 76 F. Supp. 2d at 1351 (citation and internal quotation marks omitted). Thus, Defendant Goines is properly joined with the remaining co-Defendant(s) in the indictment pursuant to Rule 8(b).[4]

Even if joinder is proper under Rule 8, Defendant contends that a severance should be granted. Accordingly, Defendant seeks a severance based on Fed. R. Crim. P. 14. Rule 14 states in pertinent part: "If it appears that a defendant or the government is prejudiced by a joinder of offenses . . . the court may order . . . separate trial of counts. . . ." The Eleventh Circuit Court of Appeals stated, "We have long recognized that 'a District Court confronted with a Rule 14 Motion for Severance is required to

---

[4]As the Government points out, although co-Defendant Thrasher is no longer charged in this indictment, the indictment will be superseded to name the individual who is the participant "Trey." [Doc. 53 at 3].

9

balance any . . . prejudice [to the defendants] against the interests of judicial economy, a consideration involving substantial discretion.'" United States v. Blankenship, 382 F.3d 1110, 1120 (11th Cir. 2004) (citation omitted). To justify severance, a defendant must show compelling prejudice to the conduct of his defense resulting in fundamental unfairness. See United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005); United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997). "'This is a heavy burden, and one which mere conclusory allegations cannot carry.'" United States v. Walser, 3 F.3d 380, 386 (11th Cir. 1993) (quoting United States v. Hogan, 986 F.2d 1364, 1375 (11th Cir. 1993)); see also United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007).

In order to establish that severance of counts is mandated pursuant to Rule 14, Defendant must not only show specific prejudice but also that "'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" Blankenship, 382 F.3d at 1123 (citation omitted). Additionally, Defendant must demonstrate "that a severance is the only proper remedy for that prejudice - jury instructions or some other remedy short of severance will not work." United States v. Lopez, 649 F.3d 1222, 1234 (11th Cir. 2011) ("Because limiting instructions usually will cure any prejudice resulting from a joint trial, . . . the Supreme Court has indicated

AO 72A
(Rev.8/82)

that severances need be granted only if there is a serious risk that a joint trial would either 'compromise a specific trial right of one of the defendants' or 'prevent the jury from making a reliable judgment about guilt or innocence' even if limiting instructions are given.") (citation omitted). Defendant does not present any argument that a specific trial right would be compromised by the joint trial in this case. [Doc. 42].

The second category mandating a severance, that is, preventing the jury from making a reliable judgment, applies generally to three situations. "First, severance is mandated where compelling evidence that is not admissible against one or more of the co-defendants is to be introduced against another co-defendant." Blankenship, 382 F.3d at 1123. However, this situation does not involve the mere disparity in the quality or amount of evidence introduced against one or more defendants and only applies where there is a minimal chance that limiting instructions will provide adequate relief. See Baker, 432 F.3d at 1236 (holding that "a defendant does not suffer 'compelling prejudice simply because much of the evidence at trial is applicable only to his codefendants,' . . . even when the disparity is 'enormous'") (quoting Schlei, 122 F.3d at 984). Severance is also mandated upon a showing of prejudice "in an extremely narrow range of cases in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of

11

evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt or innocence of each defendant independently." Blankenship, 382 F.3d at 1124. And, "[f]inally, severance is required . . . where one defendant is being charged with a crime that, while somehow related to the other defendants or their overall criminal scheme, is significantly different from those of the other defendants." Id. at 1125. Neither of the latter two situations apply in this case, and Defendant apparently relies on the first situation.

He alleges that evidence introduced against co-Defendant Thrasher regarding his past criminal offenses in support of the felon in possession charges in Counts Four and Five, which is not admissible against Defendant Goines, will be unduly prejudicial. [Doc. 42, ¶ 5]. This argument no longer applies to the instant indictment as the charges against Defendant Thrasher have been dismissed. Although Defendant did not point to the allegations in Count Two, charging co-Defendant Bell, the indictment does allege that drug charges are pending against Defendant Bell - raising the same concerns as Defendant Goines voiced about the charges in Counts Four and Five. [Doc. 1]. Therefore, in order to address this argument and any similar argument that might be raised after the indictment is superseded, the court will consider whether

12

evidence offered in support of these type of allegations at a joint trial requires severance.

First, the court notes that Defendant Goines offers no specific reasons why, in this case, actual prejudice will be the result of a joint trial or why, under the facts herein, limiting instructions are not adequate. [Doc. 42]. His general and conclusory allegations of prejudice do not carry Defendant's burden to establish compelling prejudice nor come close to demonstrating that the trial court's limiting instructions will not cure any potential prejudice.

Second, the former Fifth Circuit Court of Appeals has considered and rejected the same argument made by Defendant Goines in this case. In United States v. Davis, 546 F.2d 617 (5th Cir. 1977), the defendants contended "that they were prejudiced by the admission of the prior importation schemes of" a co-defendant. Id. at 620. The court, rejecting the defendants' conclusory claim of prejudice, stated, "Our court has held that the admission of past misconduct of some defendants does not dictate a severance to protect the other co-defendants from an inference of guilt by association." Id. (citing United States v. Perez, 489 F.2d 51, 67 (5th Cir. 1973) ("It is further asserted by some appellants that the criminal records of their co-defendants below were prejudicial to their defense and should have been sufficient to warrant a severance.

13

Similar grounds have generally been rejected. . . . These grounds have been held insufficient even if the prior convictions were for similar offenses.")); accord United States v. Walton, 2011 WL 3665145, at *5 (E.D. La. August 19, 2011) ("the Fifth Circuit has stated that, 'evidence of the reputation or past crimes of one co-defendant, although clearly inadmissible against the other co-defendants, does not ordinarily justify severance'") (quoting United States v. Rocha, 916 F.2d 219, 228 (5th Cir. 1990)); United States v. Brown, 894 F. Supp. 1150, 1157 (N.D. Ill. 1995) ("Severance is not required . . . when the prosecution introduces evidence of a co-defendant's past criminal record unless the defendant can show that actual prejudice will result."). "Rather[, the court has] relied on careful instructions at the time such evidence is admitted to protect co-defendants in a . . . trial from the risk of guilt transference." Davis, 546 F.2d at 620; see also United States v. Ramirez, 426 F.3d 1344, 1352 (11th Cir. 2005) ("Ramirez did not meet his burden to show compelling prejudice that the judge's first limiting instruction to the jury, regarding the evidence of [co-defendant] Quinones's prior acts and their lack of relevance to Ramirez, was ineffectual or that the jury could not make an individualized determination as to his guilt or innocence.").

The indictment in this case is not nearly so complex, nor the charges so complicated, nor the evidence of the prior criminal conduct by other Defendants so

14

confusing, that with proper jury instructions, the jury will not be able "to sort through the evidence and issues and reliably determine the guilt or innocence of [Defendant Goines] on each charge" based solely on the evidence admissible against that Defendant. Lopez, 649 F.3d at 1235; see also Walton, 2011 WL 3665145, at *5 ("Since there is no reason to believe that a jury would be unable to separate the evidence relevant to each defendant after hearing an appropriate limiting instruction, [the defendant] would suffer no more prejudice than that which necessarily inheres whenever multiple defendants or multiple charges are jointly tried.") (citations and internal quotation marks omitted)). Defendant Goines has not established that a severance is required based on his conclusory claims of prejudice.

### III. Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant Goines' motion [Doc. 42] for severance be **DENIED**.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial as to Defendant Brian Bell and Defendant Tobias Goines.

15

**SO RECOMMENDED AND ORDERED** this 30th day of October, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE